IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER A. DI STEFANO, SALVATORE DI STEFANO, and WENDY DI STEFANO, | ) ) ) ) |
| Plaintiffs, | ) Case No.: |
| And | ) ) |
| UNITED HEALTHCARE INSURANCE COMPANY, a foreign insurance corporation, | ) ) ) ) |
| Involuntary Plaintiff, | ) ) |
| vs. | ) ) |
| TRISTAR ARMS, INC., | ) ) |
| Defendant. | ) |

### DEFENDANT TRISTAR ARMS, INC.'S NOTICE OF REMOVAL

Defendant, TriStar Arms, Inc. ("TRISTAR"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits this Notice of Removal of the above captioned action commenced in the State of Wisconsin's Circuit Court, Civil Division, Sheboygan County, to the United States District Court for the Eastern District of Wisconsin. Defendant gives notice of the removal of this action. In support, TRISTAR states as follows:

### INTRODUCTION

1. The removed case is a civil personal injury action commenced in the Circuit Court, Civil Division, Sheboygan County by Plaintiffs Christopher A. Di Stefano, Salvatore Di Stefano, and Wendy Di Stefano ("Plaintiffs") styled *Christopher A. Di Stefono, et al. v. TriStar Arms, Inc.* with Case Number 2025CV000549 (the "State Court Action") by service of the Summons and Complaint.

2. The only pleadings received by TRISTAR is a copy of the Summons and Complaint ("Compl."). TRISTAR was served with a copy of the Summons and Complaint on October 27, 2025.

A true and complete copy of these pleadings is attached hereto as Exhibit A. Copies of all proceedings, pleadings, and orders provided to TRISTAR have been attached to this Notice of Removal.

3. Plaintiffs assert strict liability and negligence claims against TRISTAR. (*See* Compl. ¶¶ 16-22). Plaintiffs allege that on August 30, 2021, Salvatore Di Stefano was shooting a TriStar Hunter EX Shotgun when "it catastrophically exploded on him, causing a complete separation of the gun's chamber and barrels from the receiver, propelling wooden and metal shrapnel into his left wrist and forearm." (Compl. ¶ 11).

4. Plaintiffs' Complaint sets forth that "Christopher Di Stefano sustained severe and permanent injuries, including, but not limited to, injuries to his median nerve, palmar cutaneous nerve, flexor pollicis longus muscle, flexor carpi radialis muscle, which has caused him and continues to cause him some pain, diminished sensation and diminished strength: (Compl. ¶ 14).

## PROCEDURAL REQUIREMENTS

5. Pursuant to 28 U.S.C. § 1446(b)(1), this notice of removal is timely filed within thirty (30) days after TRISTAR was served with the Summons and Complaint on October 27, 2025.

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper because the United States District Court for the Eastern District of Wisconsin encompasses the geographic area of Sheboygan County, where the removed action was commenced.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Circuit Court, Civil Division, Sheboygan County, promptly after filing of the same in this Court. Written notice will be provided to all adverse parties via the state court electronic filing system.

8. If any question arises as to the propriety of the removal of this action, TRISTAR requests the opportunity to conduct discovery, present summary judgment-type evidence, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of TRISTAR's right to assert any procedural or substantive defenses available under state or federal law.

## DIVERSITY JURISDICTION

10. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. 28 U.S.C. § 1332 provides that the district courts of the United States shall have original jurisdiction over all civil actions where the action is between citizens of different states and the amount in controversy exceeds $75,000.

11. This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a), as Plaintiffs, United Healthcare Insurance Company and TRISTAR are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists

12. Plaintiffs properly alleges TRISTAR is a "foreign corporation." (*See* Compl. ¶ 4). TRISTAR is a Kansas corporation with its principal place of business in N. Kansas City, Missouri.. TRISTAR is thus a citizen of Kansas and Missouri for jurisdictional purposes. *See* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

13. As alleged in the Complaint, at the time of the commencement of this action and at all times thereafter, Plaintiffs are residents and citizens of Wisconsin. (*See* Compl. ¶ 1). For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. Upon information and belief, the Involuntary Plaintiff United Healthcare Insurance Company is a division of UnitedHealth Group Incorporated. According to SEC filings, UnitedHealth Group Incorporated is a Delaware corporation with its principal place of businesses in Minnesota and Washinton, D.C. *See* Exhibit B (UnitedHealth Group Incorporated's 2025 Q3 Form 8-K filing – see https://www.unitedhealthgroup.com/investors/financial-reports.html).

14. Accordingly, Plaintiffs (Wisconsin), Involuntary Plaintiff Healthcare Insurance Company, a division of UnitedHealth Group Incorporated (Minnesota, Delaware and Washington, D.C.) and TRISTAR (Kansas and Missouri) are citizens of different states, and therefore, complete diversity of citizenship for removal purposes exists.

### B. The Amount in Controversy Exceeds $75,000.00

15. Plaintiffs do not specify the amount of damages they seek. However, "the fact that [plaintiff's] complaint refrains from specifying an amount … means very little; indeed, Illinois law expressly forbids personal injury plaintiffs from specifying an amount greater than $50,000." *Fullbright v. Royal Caribbean Cruises, Ltd.*, No. 06 C 0554, 2006 WL 8460511, at *3 (N.D. Ill. June 16, 2006).

16. "The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court." *McCoy by Webb v. General Motors Corp.*, 226 F.Supp.2d 939, 943 (N.D. Ill. 2002) (citing *Perry v. Willis*, 110 F.Supp.2d 1197, 1198 (E.D.Mo.2000)).

17. "A defendant who removes a suit in which the complaint lacks an ad damnum must establish a "reasonable probability" that the amount in controversy exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Id*. at 816. Here, Plaintiffs alleged that Christopher Di Stefano "sustained severe and permanent injuries … which has caused him and continues to cause him some pain, diminished sensation, and diminished strength," and that, "as a direct result of his injuries … [he] has incurred significant past healthcare expenses, past and future pain, suffering, disability and loss of enjoyment of life…" (See Compl. ¶¶ 14-15). "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the

4

Case 2:25-cv-01878-BHL    Filed 11/25/25    Page 4 of 6    Document 1

jurisdictional amount, thus triggering the 30-day removal period under the first sentence of § 1446(b)." *McCoy*, 226 F. Supp. 2d at 941. "In the parlance of product liability suits, these statements should sound warning bells in defendants' ears that significant damages are sought." *Id*. Since this case involves a product liability suit with claims of damages strikingly similar to those alleged in *McCoy*, TRISTAR has met its burden in establishing the amount in controversy exceeds the jurisdictional limit based solely on the allegations in the Complaint.

18. TRISTAR disputes that it is liable for any damages to Plaintiffs. Nevertheless, removal of this action is proper because the amount in controversy exceeds $75,000.

19. Accordingly, based on Plaintiffs' claims alone that Christopher Di Stefano suffered severe and permanent physical injury with pain, diminished sensation, and diminished strength four years after this incident, there is more than $75,000 in controversy, satisfying the requirements for diversity jurisdiction removal pursuant to 28 U.S.C. § 1332(a).

## **CONCLUSION**

20. Because all requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied, *i.e.*, complete diversity of citizenship exists between Plaintiffs, Involuntary Plaintiff and TRISTAR and the amount in controversy exceeds the statutory minimum, TRISTAR respectfully removes the State Court Action from the Circuit Court, Civil Division, Sheboygan County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

21. TRISTAR reserves the right to amend or supplement this Notice of Removal and reserves all defenses.

22. TRISTAR requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant TRISTAR prays that this case be removed from the Circuit Court, Civil Division, Sheboygan County, to this Court for the exercise of subject matter jurisdiction over this

action as though this case had been originally instituted in this Court and that no further proceedings be had in the state court action.

DATED: November 25, 2025

Respectfully submitted,

KASDORF, LEWIS & SWIETLIK, S.C.
Attorneys for Defendant TriStar Arms, Inc.


By: *Electronically signed by Colin J. Casper*
    Colin J. Casper
    State Bar No. 1084706

P.O. ADDRESS:
One Park Plaza, Suite 500
11270 West Park Place
Milwaukee, WI 53224
Phone: (414) 577-4000
Fax:    (414) 577-4400

**Co-Counsel for Defendant (pending admission *pro hac vice*):**
Jeffrey Malsch
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
PH: 914-285-0700
F:   914-285-1213
jmalsch@renzullilaw.com