EXHIBIT

A

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **SHEBOYGAN**

Christopher DiStefano et al vs. TriStar Arms, Inc.      **Electronic Filing Notice**

Case No. 2025CV000549
Class Code: Other-Personal Injury

FILED
08-28-2025
Sheboygan County
Clerk of Circuit Court
2025CV000549
Honorable Rebecca L.
Persick
Branch 4

TRISTAR ARMS, INC.
6509 SAGAMORE RD
C/O VOMER AGENT SERVICES, RA
MISSION HILLS KS 66208

Case number 2025CV000549 was electronically filed with/converted by the Sheboygan County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party:

**Pro Se opt-in code: 0533dc**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 920-459-3068.

Sheboygan County Circuit Court
Date: August 28, 2025

GF-180(CCAP), 11/2020 Electronic Filing Notice
This form shall not be modified. It may be supplemented with additional material.

§801.18(5)(d), Wisconsin Statutes

FILED
08-28-2025
Sheboygan County
Clerk of Circuit Court
2025CV000549
Honorable Rebecca L.
Persick
Branch 4

STATE OF WISCONSIN    :    CIRCUIT COURT    :    SHEBOYGAN COUNTY
CIVIL DIVISION

---

CHRISTOPHER A. DI STEFANO,
SALVATORE DI STEFANO, and
WENDY DI STEFANO
N6227 Woodland Meadows Drive
Sheboygan, WI 53083,

        Plaintiffs,

    and

UNITEDHEALTHCARE INSURANCE COMPANY,
a foreign insurance corporation
c/o CT Corporation System, Registered Agent
301 South Bedford Street, Suite 1
Madison, WI 53703,

        Involuntary Plaintiff,

    v.

TRISTAR ARMS, INC., a foreign corporation
c/o Vomer Agent Services Co., Registered Agent
6509 Sagamore Road
Mission Hills, KS  66208,

        Defendant.

Case No.

**SUMMONS**

Personal Injury-Other:  30107
Products Liability: 30100

---

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE:

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The

Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Sheboygan County Courthouse, 615 N. 6th Street, Sheboygan, WI 53081, and to CANNON & DUNPHY, S.C., plaintiffs' attorneys, whose address is 595 North Barker Road, P.O. Box 1750, Brookfield, WI 53008-1750. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Brookfield, Wisconsin this 28th day of August, 2025.

**CANNON & DUNPHY, S.C.**
Attorneys for Plaintiffs

By:   Electronically signed by Attorney Edward E. Robinson
      Edward E. Robinson
      State Bar No. 01025122

**P. O. ADDRESS:**
595 North Barker Road
P. O. Box 1750
Brookfield, WI 53008-1750
Phone: (262) 796-3705
Fax:   (262) 796-3715
Email: erobinson@c-dlaw.com

- 2 -

FILED
08-28-2025
Sheboygan County
Clerk of Circuit Court
2025CV000549
Honorable Rebecca L.
Persick
Branch 4

STATE OF WISCONSIN     :     CIRCUIT COURT     :     SHEBOYGAN COUNTY
CIVIL DIVISION

CHRISTOPHER A. DI STEFANO,
SALVATORE DI STEFANO, and
WENDY DI STEFANO
N6227 Woodland Meadows Drive
Sheboygan, WI 53083,

        Plaintiffs,

    and

UNITEDHEALTHCARE INSURANCE COMPANY,
a foreign insurance corporation
c/o CT Corporation System, Registered Agent
301 South Bedford Street, Suite 1
Madison, WI 53703,

       Involuntary Plaintiff,

    v.

TRISTAR ARMS, INC., a foreign corporation
c/o Vomer Agent Services Co., Registered Agent
6509 Sagamore Road
Mission Hills, KS 66208,

       Defendant.

Case No.

**COMPLAINT**

Personal Injury-Other: 30107
Products Liability: 30100

---

NOW COME the above named plaintiffs, by their attorneys, CANNON & DUNPHY, S.C., and as and for their claims for relief, allege and show to the Court as follows:

## PARTIES

1. That at the present time, the plaintiff Christopher A Di Stefano is an adult citizen and resident of the State of Wisconsin, who resides at N6227 Woodland Meadows Drive, Sheboygan, WI 53083422 Lakewood Drive, Williams Bay, WI 53191; that said plaintiff's birthdate is September 3, 2005; that at the time of the subject injury incident herein, said plaintiff

was therefore a minor; that pursuant to Wis. Stat. § 893.16, that statute of limitations applicable to said minor's claims in this lawsuit is extended to September 3, 2025.

2.    That at the present time, the plaintiffs Salvatore and Wendy Di Stefano are adult citizens and residents of the State of Wisconsin, who reside at N6227 Woodland Meadows Drive, Sheboygan, WI 53083422; that said plaintiffs are the parents of the plaintiff Christopher A. Di Stefano; that at the time of the subject injury incident herein, their son Christopher was covered a policy of health insurance through the employer of Salvatore and Wendy Di Stefano; that pursuant to Wisconsin law, said plaintiffs bring claims in this matter for their son's past healthcare expenses, and join their claims with his pursuant to Korth v. American Family Insurance Co., 115 Wis. 2d 326, 340 N.W.2d 494 (1983).

3.    That at the present time, the involuntary plaintiff, UnitedHealthcare Insurance Company (hereinafter "UHC"), is a foreign insurance corporation, duly licensed to do business in the State of Wisconsin, with offices of its Registered Agent, CT Corporation System, located at 301 South Bedford Street, Suite 1, Madison, WI 53703; that pursuant to a health plan sponsored by Sheboygan Area School District, the employer of the plaintiffs Salvatore and Wendy Di Stefano, UHC has paid medical expenses to and on behalf of the plaintiff Christopher A. Di Stefano, as a result of injuries he sustained in the collision that is the subject of this lawsuit; that UHC has no legal right to subrogation or reimbursement despite its payment of benefits, but by reason of such payments, UHC is a proper party herein pursuant to § 803.03, Wis. Stat.

4.    That the defendant, TriStar Arms, Inc. (hereinafter, "TriStar"), is a foreign corporation, duly organized and incorporated under Kansas law, with its principal office and place of business located at 1816 Linn St., Kansas City, MO 64116; that said corporation's registered

agent for service of legal process is Vomer Agent Services Co., whose offices are located at 2600 Grand Blvd., Kansas City, MO 64108 that at all times material hereto, TriStar was engaged in substantial and not isolated activities in this state; that TriStar is engaged in the design, manufacture, assembly, testing, selection, sale and/or distribution of firearms and their component parts, including the subject TriStar Hunter EX involved in the August 30, 2021 injury incident that is the subject of this lawsuit.

## GENERAL ALLEGATIONS

5.    Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

6.    That prior to August 30, 2021, the defendant TriStar designed, manufactured, assembled, tested, selected, sold and/or distributed to the public shotguns used for trap shooting, including the particular model Hunter EX involved in the August 30, 2021 injury incident that is the subject of this lawsuit.

7.    That on March 24, 2021, the plaintiff Salvatore Di Stefano purchased a TriStar Hunter EX shotgun from a Walmart store located in Plymouth, WI in "brand new" condition in a sealed box; that prior to receiving the subject shotgun, it had not been discharged, disassembled or otherwise tampered with by any person other than agents, servants and/or employees of the defendant, TriStar.

8.    That when the plaintiff Salvatore Di Stefano received the subject model TriStar Hunter EX shotgun, it was shipped with several different choke tubes which TriStar had selected and included with his purchase; that these choke tubes were designed, manufactured, assembled, tested, selected, sold and/or distributed to the public by TriStar for specific use with the Hunter EX model shotgun.

- 3 -

9.     That, thereafter, both the plaintiff Salvatore Di Stefano and the plaintiff Christopher Di Stefano shot the subject TriStar Hunter EX shotgun numerous times, using the appropriate size and type of shells.

10.    That at all times material hereto, including on and before August 30, 2021, both the plaintiff Salvatore Di Stefano and the plaintiff Christopher Di Stefano were experienced shotgun users and trap shooters; that prior to August 30, 2021, the plaintiff Christopher Di Stefano had been shooting for years, had passed the Wisconsin DNR Hunter Safety Class, was an avid hunter, and was a member of the Sheboygan North High School Trap Team.

11.    That on August 30, 2021, the plaintiffs Salvatore and Christopher Di Stefano were out shooting trap at the Farmers and Sportsman's Conservation Club in Sheboygan, WI; that after shooting several rounds from the subject TriStar Hunter EX shotgun, the plaintiff Salvatore Di Stefano switched shotguns with his son Christopher Di Stefano so that he could start shooting the subject TriStar Hunter EX shotgun; that prior to this time, Salvatore Di Stefano had taken numerous shots without any issues with the shotgun; that, thereafter, while Christopher Di Stefano was shooting the subject shotgun, it catastrophically exploded on him, causing a complete separation of the gun's chamber and barrels from the receiver, propelling wooden and metal shrapnel into his left wrist and forearm.

12.    That at the time of the incident, the subject TriStar shotgun was loaded with appropriate ammunition and was being operated correctly.

13.    That the explosion was not caused by any misuse, modification, or alteration of the firearm by the plaintiffs or anyone else.

14.    That as a result of being impaled by shrapnel from the exploded TriStar Hunter EX shotgun, the plaintiff Christopher Di Stefano sustained severe and permanent injuries,

- 4 -

including, but not limited to, injuries to his median nerve, palmar cutaneous nerve, flexor pollicis longus muscle, flexor carpi radialis muscle, which has caused him and continues to cause him some pain, diminished sensation, and diminished strength.

15. That as a direct result of his injuries, the plaintiff Christopher Di Stefano has incurred significant past healthcare expenses, past and future pain, suffering, disability and loss of enjoyment of life, and other compensable injuries and damages, all to his damage in an amount to be determined at a trial of this matter.

## FIRST CLAIM FOR RELIEF – STRICT LIABILITY AGAINST TRISTAR ARMS, INC.

16. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

17. That the defendant TriStar, through its agents, servants and/or employees, designed, manufactured, assembled, tested, selected, sold and/or distributed a defective product and/or component parts that were unreasonably dangerous as follows:

   a. That the subject TriStar Hunter EX shotgun and/or component parts designed, manufactured, assembled, tested, selected, sold and/or distributed by the defendant TriStar were defective and unreasonably dangerous in their design in that they, among other things, allowed for a situation in which the gun and its components would not be able to withstand a build-up of expected pressure within the chamber, thereby creating an unreasonable risk of a catastrophic explosion, as occurred in this case;

   b. That the subject TriStar Hunter EX shotgun and/or component parts were defectively designed because the foreseeable risks of harm posed by the product, as set forth above, could have been reduced or avoided by the adoption of a reasonable alternative design by the defendant TriStar, and the omission of this safer alternative design rendered the subject Hunter EX model shotgun and component parts not reasonably safe

- 5 -

c.  That the subject TriStar Hunter EX shotgun and/or component parts were defectively manufactured in that they departed from their intended design even though all possible care was exercised in the manufacture of the product;

d.  That the TriStar Hunter EX shotgun and/or component parts designed, manufactured, assembled, tested, selected, sold and/or distributed by the defendant TriStar were defective and unreasonably dangerous because, for the reasons set forth above, among others, said shotgun caused injury when used in the manner for which the gun was.

e.  That such defects were a cause of the shotgun's explosion and the resulting injuries suffered by the plaintiffs.

f.  That the defendant TriStar designed, manufactured, assembled, tested, selected, sold and/or distributed the subject Hunter EX shotgun described above in the normal course of its business.

g.  That the TriStar Hunter EX shotgun designed, manufactured, assembled, tested, selected, sold and/or distributed by the defendant TriStar was expected to and did reach the user, the plaintiffs Salvatore and Christopher Di Stefano, without substantial change, and was in substantially the same condition at the time of this incident as it was when it left the defendant's possession.

18.  That the conduct of the defendant TriStar, and the defective and unreasonably dangerous condition of the TriStar Hunter EX shotgun and/or its component parts, as alleged, were a cause of the injuries and damages sustained by the plaintiffs, as alleged herein.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE AGAINST TRISTAR ARMS, INC.

19.  Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

20.  That at all times material hereto, the defendant TriStar, through its agents, servants and/or employees, owed a duty of care to the plaintiffs to design, manufacture and sell a safe and non-defective shotgun.

- 6 -

21. The defendant TriStar, by and through its agents, servants and/or employees, breached this duty by negligently designing the subject shotgun, negligently manufacturing or assembling the shogun, negligently failing to inspect and test the subject shotgun for defects, and/or negligently failing to warn consumers of the unreasonably dangerous potential that its shotgun and its components would not be able to withstand a build-up of expected pressure within the chamber, thereby creating an unreasonable risk of a catastrophic explosion, as occurred in this case, when said shotgun was being used as intended.

22. That the negligence of the defendant TriStar, as alleged, was a cause of the injuries and damages sustained by the plaintiffs, as alleged herein.

### THIRD CLAIM FOR RELIEF – PARENTAL CLAIMS OF SALVATORE AND WENDY DI STEFANO

23. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

24. That as a result of the defective and unreasonably dangerous condition of the TriStar Hunter EX shotgun and/or its component parts, and the conduct of the defendant TriStar as alleged, and the resulting injuries sustained by their then minor child Christopher Di Stefano, as set forth above, the plaintiffs Salvatore and Wendy Di Stefano have incurred medical and related expenses on his behalf, suffered the loss of their son's society and companionship, and have sustained other compensable injuries and damages, all to their damage in an amount to be determined at a trial of this matter.

WHEREFORE, the plaintiffs demand judgment as follows:

a. For compensatory damages on behalf of Christopher Di Stefano, in an amount to be determined at a trial of this matter;

- 7 -

b.     For compensatory damages on behalf of Salvatory Di Stefano, in an amount to be determined at a trial of this matter;

c.     For compensatory damages on behalf of Wendy Di Stefano, in an amount to be determined at a trial of this matter;

d.     For an order barring the involuntary plaintiff from any recovery, except as allowed under Wisconsin law;

e.     For all costs, disbursements and actual attorney's fees, and all interest due and owing pursuant to sec. 628.46, Wis. Stat.; and

f.     For such other and further relief as the Court may deem just and equitable.

## PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND A TRIAL IN THE ABOVE-ENTITLED ACTION.

Dated at Brookfield, Wisconsin this 28th day of August, 2025.

**CANNON & DUNPHY, S.C.**
Attorneys for Plaintiffs

By:     Electronically signed by Attorney Edward E. Robinson
        Edward E. Robinson
        State Bar No. 01025122

**P. O. ADDRESS:**
595 North Barker Road
P. O. Box 1750
Brookfield, WI 53008-1750
Phone: (262) 796-3705
Fax:    (262) 796-3715
Email: erobinson@c-dlaw.com

- 8 -